IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WALTER JASON PARSONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Nos.   2:20-cv-8019-KOB |
| ) | 2:15-cr-67-KOB-JEO |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This habeas case is before the court on Walter Jason Parson's *pro se* "[§] 2255 Motion Claiming New Rule of Constitutional Law" (docs. 1 & 7); the Government's response to this court's Order to Show Cause (doc. 5); and Parsons' reply to the Government's response (doc. 6). In his motion, Parsons asks the court to vacate his term of supervised release because he claims that the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), now makes his supervised release provision in 18 U.S.C.S. § 3583 unconstitutional. (Doc. 1 at 6). As the court will explain below, Parsons misconstrues the Supreme Court's holding in *Haymond*, and the court will deny his motion as untimely.

1

## I. BACKGROUND

Pursuant to a plea agreement, Parsons pled guilty on November 13, 2015 to both receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B). The court sentenced Mr. Parsons on August 15, 2016 to a total of 121 months imprisonment, with a term of supervised release of 120 months. Parsons did not appeal his conviction or sentence to the Eleventh Circuit. (Docs. 1, 21, 23, & 35 in 2:15-cr-67-KOB-JEO).

Almost four years after his conviction and sentence, Parsons filed the current habeas motion on May 26, 2020, asking this court to vacate his term of 120 months of supervised release.[1] The court ordered the Government to show cause in writing why it should not grant the motion, and the Government filed its response on August 31, 2020. (Docs. 2 & 5). Parsons subsequently filed his reply and an addendum. (Docs. 6 & 7).

Parsons is currently incarcerated at FCI Jesup, with a projected release date of June 10, 2024.

---

[1] Although the docket sheet reflects a "filed date" of June 1, 2020, the court, pursuant to the "Prisoner Mailbox Rule," deems the motion filed on May 26, 2020, the date that Parsons signed the motion and presumably delivered it to prison officials. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (A pro se inmate's petition is deemed filed when he delivers it to prison officials for mailing, presumably the date he signs it.).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a habeas motion under 28 U.S.C. § 2255, which begins to run upon the triggering of one of four events. 28 U.S.C. § 2255(f)(1-4). The only two triggers that could apply to Parsons's habeas claims are found in § 2255(f)(1) based on the date of Parsons's final conviction, and (f)(3) based on the date of an applicable Supreme Court decision that is retroactively applicable on collateral review.

### *Timeliness based on § 2255(f)(1)*

Under § 2255(f)(1), the one-year time limit begins to run on the "date on which the judgment of conviction becomes final." Parsons's conviction became final and his one-year statute of limitations in 28 U.S.C. § 2255(f)(1) began to run on August 29, 2016, the date by which he could have filed a timely notice of appeal. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (If a defendant fails to file a direct appeal, his conviction becomes final when the time to file an appeal expires). So, Parsons had one year until August 29, 2017 to file his habeas claims under 28 U.S.C. § 2255(f)(1). But, because Parsons filed his motion almost three years after this deadline, his motion is untimely under 28 U.S.C. § 2255(f)(1).

*Timeliness based § 2255(f)(3)*

Parsons fares no better under 28 U.S.C. § 2255(f)(3). Under that section, the one-year statute of limitations began to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review." (Emphasis added). So, any claims made by Parsons based on a Supreme Court decision *could* be timely *only if* that decision applies to Parsons's case and meets all the requirements of § 2255(f)(3).

Parsons cites the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), to support his claim for timeliness under § 2255(f)(3). In that case, a jury found Hammond guilty of possessing child pornography under federal law, and the district court sentenced him to 38 months imprisonment, followed by 10 years of supervised release. After his release from prison while on supervised release, the Government discovered 59 new images of child pornography on Haymond's computer and cellphone, and the probation office brought revocation proceedings. *Haymond*, 139 S. Ct. at 2374.

With reservations, the district court at the revocation proceeding found by a *preponderance of the evidence* that Haymond in fact possessed child pornography and applied the *mandatory* five-year imprisonment sentence compelled by §

4

3583(k). The district court found it "repugnant" that § 3583(k) forced him to impose a "mandatory five-year" imprisonment sentence based only on a preponderance of the evidence finding without the protections of a jury trial. *Haymond*, 139 S. Ct. at 2375. On appeal, the Tenth Circuit found that § 3583(k) unconstitutionally violated Haymond's Fifth and Sixth Amendment right to a jury trial.

The Supreme Court in *Haymond* agreed with the Tenth Circuit and held unconstitutional the mandatory minimum five-year sentence compelled by 18 U.S.C. § 3583(k) for sex offenders who commit certain crimes while on supervised release. The Court explained in *Haymond* that, because § 3583(k) allowed a district judge at a revocation proceeding to make factual findings by a preponderance of evidence that "increased 'the legally prescribed range of allowable sentences," the section violates the Fifth and Sixth Amendments that require factual findings beyond a reasonable doubt at a trial. *Haymond*, 139 S. Ct. at 2378 (citing *Alleyne v. United States*, 570 U.S. 99, 115 (2013), which held that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt").

In this case, Parsons brought his habeas motion within one year of the Supreme Court's decision in *Haymond* and argues that this court should extend the

holding in *Haymond* to this court's imposition of 120 months of supervised release following Parsons' term of imprisonment. But Parsons' reliance on *Haymond* for purposes of making his motion timely under § 2255(f)(3) is misplaced for several reasons.

First, neither the Supreme Court nor the Eleventh Circuit has made the holding in *Haymond* retroactively applicable to cases on collateral review as required by § 2255(f)(3). The court can find no Eleventh Circuit case that addresses whether *Haymond* is retroactive for purposes of § 2255(f)(3). But the Eleventh Circuit has found that *Haymond* is *not* retroactively applicable under the standard for second or successive motions under § 2255(h)(2), which requires a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. *See In re Dixon*, 2020 U.S. App. Lexis 21081 (11th Cir. July 7, 2020) (finding that the Supreme Court has not made *Haymond* retroactively applicable on collateral review and noting that "precedent does not dictate that *Haymond* is retroactively applicable on collateral review under § 2255(h)(2) because *Apprendi* and *Alleyne*, the line of cases that *Haymond* relied on, are not retroactive").

Although the Eleventh Circuit has not addressed *Haymond*'s retroactivity under § 2255(f)(3) for purposes of an initial habeas motion, the Tenth Circuit has stated in the context of denying a certificate of appealability that "a reasonable jurist

could not debate the conclusion that *Haymond* is *not* retroactive and does *not* satisfy section 2255(f)(3)." *United States v. Salazar*, 784 F. App'x 579, 584 (10th Cir. 2019) (emphasis added). And several district courts in the Eleventh Circuit have found that *Haymond* does not apply retroactively on initial collateral review under § 2255 (f)(3). *See Noesi v. United States*, 19-24844-CIV, 2021 WL 134414 (S.D. Fla. Jan. 14, 2021); *Vergara v. United States*, 8:20-cv-1493-T-27TGW, 2020 WL 7047805 (M.D. Fla. Dec. 1, 2020).

Parsons argues that the Eleventh Circuit declared *Haymond* retroactively applicable to cases on collateral review in *United States v. Carpenter*, 2019 U.S. App. Lexis 26790 (11th Cir. Sept. 4, 2019). (Doc. 6 at 1). But Parsons is wrong. In *Carpenter*, the defendant's *direct appeal* was pending at the time that the Supreme Court decided *Haymond*; *Carpenter* did not involve *collateral review*. On *direct appeal*, the parties filed a "Joint Motion to Vacate Judgment on Revocation of Supervised Release and to Remand for Further Revocation Proceedings," and the Eleventh Circuit granted that motion. But the Eleventh Circuit in *Carpenter* did not address or consider whether *Haymond* was retroactive to cases on *collateral review*. So, *Carpenter* does not help Parsons.

Even if the court could apply *Haymond* retroactively to Parsons' habeas motion, the holding in *Haymond* has no effect on Parsons's conviction or sentence.

7

Parsons must do more than just identify a Supreme Court case as the basis for his habeas claim; he must show that the Supreme Court case applies to him. *See In re Coleman*, 2019 U.S. App. Lexis 23181 (11th Cir. 2019) (denying Coleman's application to file a second or successful habeas motion because he "failed to show that his claim truly relies on any rule announced in *Haymond*").

As discussed above, the Supreme Court's holding in *Haymond* struck down as unconstitutional § 3583(k) that imposes a mandatory minimum of five years imprisonment for sex offenders who commit certain crimes while on supervised release. Unlike the defendant in *Haymond* who possessed child pornography while on supervised release and was sentenced to the five-year mandatory minimum term of imprisonment compelled by § 3583(k) in a revocation proceeding, Parsons is still serving his initial term of imprisonment and has not even begun his supervised release, much less had it revoked. Because the court has not applied § 3583(k) to Parsons in a revocation proceeding, *Haymond* does not even apply in his case.

And nothing in *Haymond*'s holding regarding the unconstitutionality of § 3583(k) would invalidate this court's imposition of supervised release as part of Parsons' initial criminal sentence under § 3583(a). In fact, the Supreme Court in *Haymond* specifically noted that its "decision is limited to § 3583(k) . . . and the *Alleyne* problem raised by its 5-year mandatory minimum term of imprisonment."

The Court in *Haymond* also stated that "§ 3583(e), which governs supervised release revocation proceedings generally, does not contain any similar mandatory minimum triggered by judge-found facts." *Haymond*, 139 S. Ct. at 2384-85. So, nothing in *Haymond* even suggests that it would invalidate this court's imposition of a 120 month supervise release term as part of Parsons' initial sentence or even the remote potential revocation of his supervised release under § 3583(e). So, *Haymond* does not affect or invalidate Parsons's supervised release term.

Because Parsons cannot show that *Haymond* applies retroactively to cases on collateral review or that the case applies to him, he cannot use *Haymond* as the catalyst for timeliness under § 2255(f)(3). And reverting to the one-year deadline in § 2255(f)(1), his motion fails as untimely as discussed above.

### *Equitable Tolling*

The deadlines under § 2255(f)(1) and (f)(3) are "garden variety statute of limitations," and not "jurisdictional bar[s]." *Mims*, 758 F. App'x 890, 892 (11th Cir. 2019). A court may equitably toll the statute of limitations if the petitioner can show "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (emphasis added). Equitable tolling is a

"rare and extraordinary remedy." *San Martin*, 633 F.3d at 1267.

Parsons fails to address—let alone show— due diligence or any extraordinary circumstance that prevented him from filing his claims in a timely manner. The court finds no grounds on which to apply equitable tolling in this case.

### *Motion Fails on Merits*

In any event, even if Parsons' habeas motion is not untimely, it fails on the merits. Parsons seems to argue that, based on the Supreme Court's holding in *Haymond*, this court's imposition of a term of 120 months of supervised relief at his initial sentencing violates his Fifth, Sixth, and Eighth Amendment rights. Parsons asks the court to extend *Haymond*'s holding and find every subsection of § 3583 unconstitutional. But the court has no authority to do so.

As the court explained above, *Haymond*'s holding was limited specifically to the unconstitutionality of § 3583(k) that imposed a mandatory sentence without a jury finding of guilt without a reasonable doubt. *See In re* Taylor, 2020 U.S. App. Lexis 20942 (11th Cir. July 6, 2020) (explaining that the Court in *Haymond* "clarified that its decision was 'limited to § 3583(k) and the "*Alleyne* problem"); *United States v. Horne*, 789 F. App'x 139, 142-43 (11th Cir. 2019) (explaining that *Haymond* explicitly reserved the question of whether § 3583(e)(3) violates

10

the constitution). And this court has no authority to extend the Supreme Court's ruling in *Haymond* beyond its actual holding.

Parsons cites no other binding authority and the court could find no authority to support his argument that the court's imposition of supervised release under 18 U.S.C. § 3583(a) at the *initial sentencing* is unconstitutional. In fact, as far as this court can tell, no court has declared § 3583(a) unconstitutional under any Constitutional Amendment and that section remains in full force. So, Parsons' argument that the court's imposition of supervised release as part of his initial sentence is unconstitutional fails.

Parsons also seems to argue that the *possibility* that upon a *future* revocation of his supervised release the court *might* sentence him beyond the statutory maximum constitutes cruel and unusual punishment under the Eighth Amendment. But Parsons' concern that a *future* revocation of his supervised release might result in an unconstitutional sentence provides no basis for habeas review *at this point*. So, his Eighth Amendment claim also fails.

And Eleventh Circuit precedent makes clear that revocation proceedings under § 3583(e)(3) are constitutional under the Fifth and Sixth Amendments. *See United States v. Moore*, 22 F.4th 1258, 1267 (11th Cir. 2022) (citing *United States v. Cunningham*, 607 F.3d 1264, 1265, 1268 (11th Cir. 2010) (holding that "§

11

3583(e)(3) does not violate the Fifth or Sixth Amendments"). So, all of Parsons' arguments regarding the alleged unconstitutionality of his supervised release fail on the merits.

## *Waiver of Right to Seek Collateral Relief*

The court also agrees with the Government that, alternatively, Parsons waived his right to file a motion under 28 U.S.C. § 2255. *See* (Doc. 5 at 7-10). In his plea agreement, Parsons agreed to waive his right to file a post-conviction proceeding *except* to challenge any sentence imposed in excess of the applicable statutory maximum sentence; any sentence imposed in excess of the guideline sentencing range; and ineffective assistance of counsel. (Doc. 23 at 9-10 in 2:15-cr-67-KOB). Parsons knowingly and voluntarily agreed to that appeal waiver; the court specifically questioned him about it at the plea colloquy; and the sentencing record reflects that Parsons fully understood the significance of the waiver. *See* (Doc. 44 in 2:15-cr-67-KOB); *see also United States v. Weaver*, 278 F.3d 1320, 1333 n.21 (11th Cir. 2001) (explaining these requirements for a valid waiver).

And Parsons has failed to show how his § 2255 motion falls under any of the waiver exceptions mentioned above. In fact, the court sentenced Parsons to 121 months imprisonment, which was *below* the advisory guideline imprisonment range of 151-188 months. (Doc. 33 & 44). And the court gave Parsons a five-

year term of supervise release, when the applicable guideline range for supervised release was five years to *life*. *Id*. And Parsons has not raised any ineffective assistance of counsel claims. So, Parsons' waiver of his right to seek collateral review does not fall into any of the waiver's exceptions. Thus, in the alternative, the court finds that Parsons waived this right to seek collateral review of his conviction.

## III. CONCLUSION

For all the reasons discussed above, the court finds that Parsons's motion for habeas relief under § 2255 should be DENIED as UNTIMELY; in the alternative, DENIED on the merits, or because he waived his right to seek collateral relief.

The court will enter a separate Final Order.

DONE and ORDERED this 15th day of August, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE